And we move to the eighth case this morning, Mutter v. Rodriguez. I'm sorry, the seventh. This is Mutter v. Rodriguez, right? Correct. This is the eighth, yeah. The eighth. May it please the Court, Counsel. My name is Gerardo Gutierrez, and I'm arguing on behalf of plaintiff Zachary Mutter. On October 20, 2013, around 10 p.m. at night, Mr. Mutter was returning home from a long evening of studying for his dentistry school. He was a second-year dental student at the Defendants University of Illinois Chicago campus. On that day, he was with a friend of his, walking home from studies, when he sees what appeared to him a strong-armed robbery taking place. He saw a man, a large man, beating up a woman, and his first instinct was to approach from a safe distance and call out to the woman and ask her if she needed help, if she was in trouble, what was going on, to which the man turned his attention from the woman and charged my client. He approached him in a threatening manner, and my client pulled out a concealed handgun. This stopped the individual dead in his tracks. He wasn't happy. Don't say dead in his tracks. He stopped. Point taken. He stopped in his tracks and then returned back to the woman that he had been victimizing. It turned out to be his girlfriend, and the two of them got back in their car and sped off. In the meantime, my client's friend had been on the telephone with the Chicago Police Department saying that they were witnessing an attack. But when the individuals took off, they hung up the phone and proceeded to keep going on their way home. Okay. We're the Court of Appeals, not a jury, so maybe you want to cut right to the legal issues in this case about the Eleventh Amendment. The legal issues in this case, Judge, is that we filed a lawsuit seeking injunctive relief, declaratory relief, and relief in general based upon his Second Amendment right to carry that concealed weapon, that concealed firearm, his Fourth Amendment right for unreasonable searches and seizures, his Fifth Amendment right for both procedural and substantive due process, and the Fourteenth Amendment right because it was a state case. We know what the claims are. You need to address both a mootness question because he is now eligible for reinstatement. The wrong that he says was done to him is that he was expelled from dentistry school. He was expelled from dentistry school. It was a two-year suspension, really, and he's free to seek readmission, and the time has passed. So we have a mootness question, and then we also have the Eleventh Amendment question. Thank you, Judge. Judge, first of all, as to the mootness question, it isn't moot necessarily because he's still on the hook with the Air Force for the money that they funded him for his first year and his second year of law school. So that he has to make restitution. But you're not seeking damages. You're seeking only prospective relief in the form of the opportunity to be reinstated, as I understand what your claim for relief is. Judge, at the time we were seeking just reinstatement, but because it's gone on so long, we are also seeking the damages that we saw from the beginning, which is why in the first place we You've just said two different things at the front end and the back end of that sentence. You said originally you just sought prospective relief. Now you want damages, but if the operative pleading, as the case comes to us, says prospective relief in the form of reinstatement only, then that's the universe that we're dealing with here. Well, to that specific question, Judge, the mere fact that my client was not allowed to return to school also precluded him from applying to other state schools based upon the same conditions. We can't and no court can order him admitted to some other state school that's not a defendant in this action. Let's deal with what you asked for originally. And why is it not moot? Because he can now reapply. The time has run. His suspension has run or expulsion term has run. He can reapply and get readmitted. So we have a mootness problem. And even if we can get over that hurdle, there's an Eleventh Amendment problem because you've brought only official capacity suits or claims only, as I understand it. Judge, my understanding of that is that the particular rule here that we were seeking in the beginning was the 42 U.S.C. 1983 case, which prevented or permits all individuals to file a lawsuit seeking monetary and other damages for violations of their constitutional rights by state and local governments and their officials, which says that every person who under color of law of any statute, ordinance, regulation, custom, or usage of any state subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws shall be liable to the party injured. Now, whether that's monetary damages in terms of prospective relief so that he can be reinstated or so that he can attend another dental school, remember, he has to start from ground zero. That first year and part of the second year, he can't rely on that anymore. There are no transcripts that he could put forward and be reinstated as a second-year dental student. It would be the equivalent if I were in law school and kicked out in my second year that I would have to start over from the first year again. So there are damages here, whether you call them prospective damages. There's nothing moot about this case. It's taken a long time, and my client, thankfully, has been vindicated in state court. What is the ongoing violation of federal law that you seek to prospectively enjoin? I would like to sue the police department. You can't do that. Not a suable person. You can't sue the university either. Not a suable person. You can sue individual government officials for prospective relief of an ongoing violation of federal law. The suspension is over. He can reapply. Judge, we're just seeking justice. We're seeking justice here. I know this is not a trial court, Your Honor. I know this is a court of appeals. These are legal issues, legal impediments to your suit. The legal impediment to my suit is the 11th Amendment. We claimed from the very beginning that the 11th Amendment cannot possibly bar a person's right to defend themselves, a person's right not to be interrogated and not to be put in jail because they're exercising their constitutionally protected rights, and that was dismissed. And now here we are almost four years later, and Mr. Mutter still has this cloud hanging over his head. Did he ever reapply? He tried to apply to the downstate school, Judge, and he was precluded from that. By downstate, I mean the University of Illinois in Champaign-Urbana. Well, where was he? Pardon? Where was he? Where was he living? No, where was he in school? Oh, he was here at Chicago, UIC. So he didn't reapply there then? He did not reapply there. He felt that he was persona non gratis there, so he did not reapply there. The Air Force is paying for him to go to a medical downstate school? Yes, sir. What's the status of that? Well, they're waiting to see what the Court of Appeals does. Is he still in the Air Force? Technically, he's still registered. They haven't moved to disenroll him. That's correct. Was he on active duty when he applied to go to medical school? He was on active reserve, whereby he was being paid to go to dental school. They were paying for the dental school, and they were giving him a stipend to live on. And after dental school, he would have had an obligation to serve, what, four years? Yes, sir. Yeah, and that's a good program. It's a great program, Judge. Unfortunately for Mr. Mutter, there were two students, not four, two students that signed spurious complaints against him. And that's the only thing that was litigated in the criminal case. The other issues of not having a FOIA card, all of that was dismissed on motions. There was no legal basis for his arrest. There was no legal basis for the charges against him. And quite frankly, without me having any better words, there was no basis for him to get thrown out of school and to be held out all this time. Now, Judge Sykes, to your statement, I respectfully agree with you. I know that he could have reapplied after two years, and people do have a duty to themselves to overcome adversity. Even if that adversity says, okay, we only punish you for two years, however, you have to start back from the beginning, and you have to forego any of the payments that were already made by the Air Force. And that would be great if he had some kind of underlying culpability in this case, but he had no culpability in this case. What he did was he was a good Samaritan who was clearly, clearly brought to an unrecognizable justice because he defended himself with a handgun. And now the law has changed in Illinois. That's why the defense or the plaintiff's dismissed the issues dealing with the unconstitutionality of the Illinois position on concealed weapons. That law has changed. That's why he got directed fining on those. So I'm just here arguing for a client who needs justice, whether it's to be reinstated or to be compensated. Whatever the words are, that's what he needs. Thank you, Judge. I'll reserve whatever time I don't have. Thank you. Mr. Warner. Good morning, Your Honors. May it please the court, counsel, my name is Michael Warner, and I represent the University of Illinois and the related university official defendants. As framed by the plaintiff, the sole issue in this appeal is whether the lower court erred in dismissing his constitutional claims under the 11th Amendment sovereign immunity provision. Because, as the district court correctly held, the only possible exception to sovereign immunity here is a suit against university officials in their official capacity for perspective injunctive relief. This appeal is moot. Mr. Gutierrez has conceded the suspension had run. It ran in 2015. And his client has never sought reapplication with the University of Illinois Chicago. Judge Sykes, Your Honors, you pointed out his application to other state schools is not an issue in this case and is nothing that this court can address. On the sovereign immunity issue, the sole argument the plaintiff makes in his brief is that the constitutional rights he's claiming in this case that were violated are sufficiently important that they should trump the 11th Amendment. In all due respect, that argument seeks to overturn over 100 years of binding case law. Mr. Gutierrez mentioned Section 1983. The case law is very clear. The district court cited it, that Section 1983 does not abrogate the 11th Amendment immunity. The fact that he's claiming a violation of constitutional rights does not abrogate a state's 11th Amendment immunity. The only exception here is for perspective injunctive relief and there's no possibility that such relief can be granted in this case anymore. The suspension's over. Moreover, he has waived any claim for perspective injunctive relief. The district court held that that sort of claim would not be barred by sovereign immunity but plaintiff's complaint as pled didn't state a claim and the district court gave plaintiff a chance to replete that claim. He did not take that opportunity. Instead, he sought an appeal of the sovereign immunity issue. So any argument seeking to preserve a claim for perspective injunctive relief has both been waived and is also moved. And if the court has no other questions, I will rest on our briefs. Thank you. I'll give you one more minute. You know, I'd feel remiss if I didn't read the words of the late Honorable Judge Darragh who stated, as a practical matter, if over the long haul, when we get more facts and I have an absolute open mind as to what the facts ultimately will be when we reach the merits of this. But bear with this. If the facts as they ultimately are determined to be would support the plaintiff, then we have effectively prevented Mr. Mutter from achieving what he should have been able to achieve by staying in school. Thank you. Thank you, Counsel. Thanks to both counsel. The case is taken under advisement.